EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Appellant

v.

NATIONAL CHILDREN'S CENTER,
INC., Appellee.

No. 95–5408.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 4, 1996.

Decided Nov. 1, 1996.

John F. Suhre, Attorney, Equal Employment Opportunity Commission, Washington, DC, argued the cause and filed the briefs for appellant.

William J. Carter, Washington, DC, argued the cause for appellee, with whom H. Alan Young, Alexandria, VA, was on the brief. Samuel J. Smith, Jr., entered an appearance.

Before: SILBERMAN, SENTELLE and TATEL, Circuit Judges.

Opinion of the court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Appellant Equal Employment Opportunity Commission ("EEOC" or "Commission") appeals from an order of the district court sealing the consent decree and certain portions of the record in this case and issuing a protective order as to all of the depositions taken in preparation for this action. Appellant contends that the district court abused its discretion by sealing the consent decree. We agree and reverse. Appellant further argues that the district court abused its discretion by sealing certain portions of the record and issuing a protective order as to all depositions. As to those issues, we remand for further explanation of the court's reasons.

## I. BACKGROUND

The EEOC brought this action against the National Children's Center, Inc. ("Center") in response to allegations of sexual harassment—both quid pro quo and hostile work environment—in violation of Title VII. Subsequent to the filing of the EEOC's action, two individual employees of the Center intervened as plaintiffs (the "plaintiff-intervenors") alleging violations of Title VII and state law. All suits were ultimately settled, with a consent decree entered in the EEOC action. The Center then sought to have the entire record, including the consent decree, sealed. While the plaintiff-intervenors did not oppose this motion, the EEOC vigorously objected to sealing the record and consent decree. Ultimately, the district court issued an order sealing the consent decree as well as certain exhibits and attachments filed with the court. The district court's order also prohibited the use of the depositions taken in the case.

The district court rejected the Center's initial request that the entire record in the case be sealed. As the court rightly explained, "[t]he courts are public institutions that best serve the public when they do their business openly and in full view." *EEOC v. National Children's Center, Inc.,* No. 94-0642, at 2 (D.D.C. Oct. 6, 1995) (order sealing consent decree and portions of record and restricting use of depositions). The court then considered the Center's alternative request that the consent decree and only certain portions of the record be sealed, and granted the Center's request to seal the consent decree for several reasons. It first noted that "confidentiality was a *sine qua non* of [the Center's] willingness to settle the case." *Id.* at 3. Then, applying the factors we established in *United States v. Hubbard,* 650 F.2d 293, 317–22 (D.C.Cir.1980), the district court concluded that the consent decree should be sealed because

there is no need for public access to the documents at issue; the public has not previously had access to any of the documentation pertaining to settlement of this matter; defendant, a non-profit organization providing valuable services to the District's children, has objected to the disclosure of all documentation pertaining to the settlement; the true parties in interest, plaintiff-intervenors, do not oppose defendant's motion; and there are strong property and privacy interests involved.

*EEOC v. National Children's Center,* No. 94-0642, at 3–4.

The court then rejected the Center's request that all "pleadings, motions, oppositions or other memoranda of law filed in this case" be sealed. Because those documents were publicly filed by the parties and were publicly available throughout the litigation, the court concluded that they were better left unsealed. However, the court granted the Center's motion to seal certain exhibits and attachments included with certain filings of the parties. The court reasoned that because, under Local Rule 107, discovery mate-

rials are normally not filed with the court, the public would not have had access to these materials absent the decision of the parties to include the materials with certain of their filings.

Finally, in the last paragraph of its order, the court ordered that "any and all depositions in this case ... remain in the custody of the parties but [are not to] be used for any other purpose or in any other litigation without leave of" the court. The district court provided no explanation of its decision to prohibit the use of the depositions.

The EEOC appeals from this order of the district court.

## II. ANALYSIS

■ Though we review a district court's decision to seal (or not to seal) court records for abuse of discretion, *see Johnson v. Greater Southeast Community Hosp. Corp.,* 951 F.2d 1268, 1277 (D.C.Cir.1991), the starting point in considering a motion to seal court records is a "strong presumption in favor of public access to judicial proceedings." *Id.* at 1277. As to the consent decree itself, this presumption is especially strong. A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions. Other portions of the record—such as documents filed with the court or introduced into evidence—often have a private character, diluting their role as public business. In *Hubbard,* 650 F.2d at 317–22, we identified six factors that might act to overcome this presumption: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

### A. The Consent Decree

■ The district court applied the *Hubbard* factors in considering the Center's motion to seal the consent decree in this case. The first factor cited by the district court

was that "confidentiality was a *sine qua non* of [the Center's] willingness to settle the case." We do not read this statement by the district court to mean that confidentiality was an absolute prerequisite to the Center's willingness to settle. In fact, the Center settled without a promise of confidentiality from the EEOC, and the district court recognized the likelihood that the Center would do so. As we read the district court's opinion, the *"sine qua non"* statement was merely meant to indicate that confidentiality was important to the Center. This was an appropriate consideration under *Hubbard.*

■ However, the district court went on to note that "the true parties in interest, plaintiff-intervenors," did not object to sealing the record. To the extent that this statement indicates the district court's belief that the objection by the victims in the case was more relevant than the objection of the EEOC, we disagree. The fact that the EEOC, a party to the lawsuit and a public agency, objected to sealing the record is not only relevant, but strengthens the already strong case for access. *See Federal Trade Comm'n v. Standard Fin. Management Corp.,* 830 F.2d 404, 410 (1st Cir.1987) ("The appropriateness of making court files accessible is accentuated in cases where the government is a party.").

■ The district court also based its decision to seal the consent decree on its finding that the public had no need for access to the decree. We again disagree. In *Hubbard,* this court stated that there is a "need for public access" in those instances where "the documents at issue [are] ... specifically referred to in the trial judge's public decision." 650 F.2d at 318. Similarly, because the consent decree in this case was referenced in the notice the Center was required to post at its facility pursuant to the decree, there was a "need for public access" to the decree.

■ The district court also noted that the public did not previously have access to the documentation pertaining to settlement. While true, this offers little support for the decision to seal the consent decree. The lack of previous public access to documents pertaining to settlement goes to the appropriate-

ness of sealing those documents, not to the appropriateness of sealing the consent decree.

▓▓▓▓ Finally, the court noted that the party requesting that the decree be sealed was "a non-profit organization providing valuable services to the District's children." In its briefs both to the district court and to this Court, the Center emphasized that it is "one of the few agencies which treats and cares for retarded children in the District of Columbia" and "disclosure of the terms of th[e] settlement may very well impact upon the public support and funding" upon which the Center is dependent for its survival. While we certainly understand the district court's concern for the continued availability of special services for disabled children in the District, we believe that on balance the nature of the services provided by the Center as well as the Center's receipt of public funding cuts against rather than in favor of sealing the record. The public should be able to learn how the money it has contributed to a charitable organization is being spent. Moreover, because the Center provides services to children and the alleged misconduct by the Center's staff in this case was of a sexual nature, the public interest in disclosure is compelling. *Cf. Johnson,* 951 F.2d at 1277–78 (recognizing an "obvious public interest in being informed about the quality of health care").

In sum, only one *Hubbard* factor counsels in favor of sealing the consent decree—the fact that the Center has objected to disclosure. While there is only one factor in favor of sealing the consent decree, there are several factors in favor of not sealing the decree, including the charitable status of the Center, the type of services the Center provides, the fact that the government is a party to the case, and the need for public access. Given these factors and the strong presumption in favor of public access, we hold that it was error for the district court to seal the consent decree.

## B. Certain Portions of the Record

▓▓▓▓ Upon concluding that the consent decree in this case should be sealed, the district court went on to explain that the considerations in favor of sealing the consent decree "may justify" sealing portions of the record as well. Then, noting that under Local Rule 107 the parties were not required to file discovery materials with the court, the court elected to seal certain exhibits and attachments that had been included with the filings of the parties. We are unable to discern from these statements whether the district court considered and applied the *Hubbard* factors in exercising its discretion to seal certain portions of the record. Though the district court has wide discretion in this matter, its discretion is not unreviewable. While we review a district court's decision to seal court documents only for an abuse of discretion, it is imperative that a district court articulate its reasons for electing to seal or not to seal a record. *See Johnson,* 951 F.2d at 1277–78. Without a full explanation, we are unable to review the district court's exercise of its discretion. We therefore remand this case to the district court so that the court can further explain its decision to seal certain portions of the record.

▓▓▓▓ We emphasize that our remand of the district court's decision to seal certain portions of the record is not meant to imply that the district court abused its discretion in deciding to do so. Nor should our remand be read to imply that the district court's reliance on the requirements of Local Rule 107 was improper. Under *Hubbard,* a district court may consider the purposes for which the documents were introduced. 650 F.2d at 321. We do note, however, that even if the parties were not required to include deposition materials with their filings in the district court, they did elect to do so. The fact that the documents were filed allowed the public to have access to them. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33, 104 S.Ct. 2199, 2208, 81 L.Ed.2d 17 (1984) (holding that "restraints placed on discovered, *but not yet admitted,* information are not a restriction on a traditionally public source of information" (emphasis added)). Such previous public access is a factor to be considered under *Hubbard.* 650 F.2d at 318. Further, the fact that the exhibits and attachments were referenced in the public filings of the parties may create a public need

for them. *Cf. id.* at 318 (fact that documents are "specifically referred to in the trial judge's public decision" creates a public need for those documents). We leave it to the district court to weigh these competing factors in the first instance.

*C. The Depositions*

 Finally, the district court ordered that "any and all depositions in this case ... remain in the custody of the parties but [are not to] be used for any other purpose or in any other litigation without leave of" the court. Rule 26(c) of the Federal Rules of Civil Procedure provides that "for good cause shown," including "annoyance, embarrassment, oppression, or undue burden or expense," a district court may issue a protective order as to discovery material. In *Seattle Times Co.*, 467 U.S. at 22, 104 S.Ct. at 2201–02, the Supreme Court considered a First Amendment challenge to protective orders issued under a state law analogue to Federal Rule 26(c). The Court held that where "a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." *Id.* at 37, 104 S.Ct. at 2209–10. This is so, the Court explained, because "pretrial depositions and interrogatories are not public components of a civil trial." *Id.* at 33, 104 S.Ct. at 2207.

The EEOC argues, relying on our opinion in *In re Halkin*, 598 F.2d 176 (D.C.Cir.1979), that a district court may not grant a protective order under Rule 26(c) based on "naked speculation," but instead must require the party requesting the order to show a "concrete threat to an ... important interest." The EEOC's reliance on *Halkin* is misplaced. As was recognized in *Tavoulareas v. Washington Post Co.*, 111 F.R.D. 653, 655 (D.D.C.1986), *Halkin* was overruled by the Supreme Court in *Seattle Times* where the Court considered and rejected the argument that protective orders must be supported by concrete factual showings. *See* 467 U.S. at 31, 104 S.Ct. at 2206–07. Nevertheless, the *Seattle Times* Court

did require that some "showing of good cause" be made prior to issuing a protective order under Rule 26(c). *See id.* at 37, 104 S.Ct. at 2209–10. In this case, we are unable to determine whether the district court made the required finding of "good cause." While the district court discussed in its order the need to seal those deposition excerpts filed with the court, the district court order contains no discussion concerning why the use of "any and all" of the unfiled depositions need be restricted. As a result, on remand, we ask that the district court make a finding as to whether "good cause" exists for restricting the use of the depositions in this case.

## III. CONCLUSION

For the foregoing reasons, we reverse that portion of the district court's order sealing the consent decree and remand the remaining portions of the order, so that the district court may further articulate its reasoning.

*So ordered.*