**UNITED STATES of America,
Plaintiff,**

v.

**Harry L. THOMAS, Defendant.**

**Civil Action No. 06–0497 DAR.**

United States District Court,
District of Columbia.

Dec. 23, 2011.

Thomas A. Mauro, Washington, DC, for Plaintiff.

Frederick D. Cooke, Jr., Rubin, Winston, Diercks, Harris & Cooke, LLP, Vandy L. Jamison, Jr., Law Office of Vandy L. Jamison Jr., Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

DEBORAH A. ROBINSON, United States Magistrate Judge.

The above-captioned action is a civil action brought by the United States to collect the amounts due in accordance with two student loan promissory notes signed by the Defendant and guaranteed by the United States. Complaint (Document No. 1); *see also* Plaintiff's Pre–Trial Statement (Document No. 26) at 1–2. With the consent of the parties, this action was re-ferred to the undersigned United States Magistrate Judge for all purposes pursuant to Local Civil Rule 73.1(a). Consent to Proceed Before a United States Magistrate Judge for All Purposes (Document No. 24). At a status hearing and scheduling conference on September 15, 2011, the undersigned scheduled a bench trial for December 14, 2011. *See* 09/15/2011 Minute Entry.

On December 14, when this action was called for trial, counsel for the parties advised, in open court, that the parties had reached an agreement. During a brief recess, counsel and the parties executed a consent judgment. The court ordered the parties to file the consent judgment, but, during the course of a bench conference, stayed said order for the reasons set forth on the record during the bench conference.

Defendant, by written motion, asks that the court either "seal the consent judgment that is to be filed in this matter," or, in the alternative, "redact the terms of the settlement from the consent judgment document that may be entered in this Court's docket." Defendant's Motion to Seal Document ("Defendant's Motion") (Document No. 29) at 1. In support of his motion, Defendant asserts that "[t]he terms of [the] settlement are not matters of public concern in that Plaintiff has stated on the record that it is satisfied with the terms of the settlement, and the settlement does not require approval of the terms of the settlement by this Court." *Id.* at 4.

Plaintiff opposes Defendant's motion. Plaintiff maintains that "[a] Consent Judgment is a judgment of the Court[,]" and that "by its nature it is not private." Plaintiff's Memorandum of Points and Authorities in Opposition to the Defendant's Motion to Seal Document ("Plaintiff's Opposition") (Document No. 30) at 2. Plaintiff observes that "[t]his case has been pend-

ing for over five years during which time the public has had access to the proceedings, including the proceeding held on December 14, 2011, the date set for trial." *Id.* at 1. Plaintiff submits, "[i]n brief, [that] the circumstances presented in this case plainly do not warrant sealing the Consent Judgment, or any part thereof." *Id.*

## DISCUSSION

■ This court recently has had occasion to observe "this country's strong tradition of access to judicial proceedings." *Kouba v. Omni Hotels Corp.*, Civil Action No. 08–2106, 2009 WL 536597, at *1 (D.D.C. March 3, 2009) (quoting *United States v. Hubbard,* 650 F.2d 293, 317 n. 89 (D.C.Cir.1980)) (internal quotations omitted); *see also Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C.Cir.1991) (a district court must weigh the series of factors articulated by the Circuit in *Hubbard* "in determining whether and to what extent a party's interest in privacy or confidentiality of its processes outweighs the strong presumption in favor of access to judicial proceedings."). Thus, "[a]s a general rule, the courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes." *Id.* (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)).

■ This court has recognized that the need for public access to judicial records may be regarded as particularly vital where—as here—members of "the taxpaying public are, in effect, real parties in interest[.]" *United States ex rel. Schweizer v. Oce, N.V.*, 577 F.Supp.2d 169, 172 (D.D.C.2008). "[Thus], 'in cases where the government is a party . . . [t]he appropriateness of making court files accessible' is enhanced." *Friedman v. Sebelius,* 672 F.Supp.2d 54, 58 (D.D.C.2009) (quoting *E.E.O.C. v. National Children's Center,*

*Inc.,* 98 F.3d 1406, 1409 (D.C.Cir.1996) (citation omitted)).

■ As both parties to the instant action recognize, *Hubbard* is the seminal authority which directs this court's exercise of its discretion with respect to the pending motion to seal the consent judgment. In *Hubbard,* the District of Columbia Circuit articulated six factors that a district court, in ruling on a motion to seal, "must weigh against the 'strong presumption in favor of public access to judicial proceedings[ ]'": (1) the need for public access to the documents at issue; (2) previous public access to the documents; (3) the fact of an objection to public access and identity of those objecting to public access; (4) the strength of the generalized property and privacy interests asserted; (5) the possibility of prejudice, and (6) the purposes for which the documents were introduced. *Equal Rights Center v. Post Properties, Inc.,* Civil Action No. 06–1991, 2011 WL 3235467, at *1 (D.D.C. July 28, 2011) (citing *Hubbard,* 650 F.2d at 317–322) (quotations omitted).

> [T]he presumption in favor of disclosure has led this jurisdiction to caution that access may be denied only if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires. The court's discretion must clearly be informed by this country's strong tradition of access to judicial proceedings. In balancing the competing interests, the court must also give appropriate weight and consideration to the presumption however gauged in favor of public access to judicial records.

*Weaver v. Bratt,* 421 F.Supp.2d 25, 43 (D.D.C.2006) (quoting *Cobell v. Norton,* 157 F.Supp.2d 82, 88 (D.D.C.2001)).

### (1) Need for Public Access
### to the Document

■ The court weighs this factor by recognizing the well-established principle that " 'in cases where the government is a party ... [t]he appropriateness of making court files accessible' is enhanced." *Friedman,* 672 F.Supp.2d at 58 (quoting *National Children's Center, Inc.,* 98 F.3d at 1409). Here, Plaintiff, the United States, commenced this action on behalf of the United States Department of Education, an agency of the federal government "accountable to the taxpaying public." Plaintiff's Opposition at 6. The court accordingly finds that the "enhanced" appropriateness of accessibility to the court files is applicable. *See Friedman,* 672 F.Supp.2d at 58.

Defendant, in moving to seal the consent judgment, simply contends that "there is no need for public access to these amounts." Defendant's Motion at 3. The court finds Defendant's conclusory assertion unavailing. Defendant offers no authority for the proposition that there is "no need" for the public to have access to the consent judgment; nor does he address the standard articulated by the court in *Friedman.*

For these reasons, the court finds that the first *Hubbard* factor, that is, the need for public access to the document at issue, weighs against granting the relief requested by Defendant.

### (2) Previous Public Access
### to the Record

■ The court undertakes an evaluation of this factor by noting that "[t]he fact that a document was accessible to the public prior to being sealed 'may weigh in favor

of subsequent access.' " *Friedman,* 672 F.Supp.2d at 58 (quoting *Hubbard,* 650 F.2d at 318) (citation omitted). Defendant argues that the public had "no prior access to the negotiations or the amounts agreed to be paid by Defendant[.]" Defendant's Motion at 3. However, it is undisputed is that the public has had access to the full record of the instant action since its commencement more than five years ago. The record includes, *inter alia,* a complaint, answer, motions, orders, entries to proceedings in open court, and a pretrial statement. Therefore, the court finds that Defendant's argument is not well-founded: indeed, the public's access to the full extent of the record for more than five years weighs against the relief sought by Defendant in his motion. *See Upshaw v. United States,* 754 F.Supp.2d 24, 28 (D.D.C.2010) (prior public access for one year and eight months weighed in favor of subsequent public access).

### (3) Fact of Objection to Disclosure, and
### Identity of Those Objecting

■ It is only Defendant who asks that the consent judgment be filed under seal. The objection to disclosure made by a party to an action generally is deemed to weigh in favor of denial of public access. *See, e.g., Upshaw,* 754 F.Supp.2d at 29 (citation omitted). However, the court finds that in this instance, it does not: like the movant in *Upshaw,* Defendant's characterization of his interests is confined to two conclusory sentences.[1] This court, as the court in *Upshaw,* thus finds that Defendant has failed to demonstrate that this factor weighs against public access.

---

1. *See* Defendant's Motion at 3 ("Defendant is currently the subject of several unrelated inquiries by federal and District agencies. The disclosure of the terms of the consent judgment will only contribute to further public speculation about the Defendant, and will serve to further damage his public image.").

### (4) Strength of the Generalized Property and Privacy Interests Asserted

■ "The *Hubbard* court addressed this factor by examining the objecting party's privacy interest in the particular documents[.]" *Friedman*, 672 F.Supp.2d at 60 (citing *Hubbard*, 650 F.2d at 320). This court has refined the interpretation of this factor to require consideration of "the effect that unsealing the documents would have on the party's property and privacy interests generally[.]" *Id.* (citing *Johnson v. Greater Southeast Community Hospital Corp.*, 789 F.Supp. 427, 430 (D.D.C.1992)). Here, the court finds that Defendant has not demonstrated a property or privacy interest sufficient to override the presumption in favor of public access.[2]

### (5) Possibility of Prejudice

■ The court in *Hubbard* held that "sensational disclosure that will cause a party prejudice in later proceedings goes to the appropriateness of sealing." *Friedman*, 672 F.Supp.2d at 60 (citing *Hubbard*, 650 F.2d at 320–321). "The likelihood of prejudice will in turn depend on a number of factors, including, most importantly, the nature of the materials disclosed." *Hubbard*, 650 F.2d at 321.

The court finds that Defendant offers only "damage [to] his public image" as the prejudice which would occur should the consent judgment be filed on the public record. Defendant's Motion at 3. Defendant offers no authority for the proposition that this consideration favors denial of public access; indeed, comparable arguments have been rejected by the court. *See, e.g., Upshaw*, 754 F.Supp.2d at 29–30 ("to the extent Plaintiff [the party who objected to public access to the court record] intends to suggest that the 'sensitive allegations' described in the Complaint . . . may prejudice him in finding future employment, he has failed to identify the allegations at issue or even describe them with a sufficient level of generality that would permit the Court to venture an educated guess.").

### (6) The Purposes for Which the Documents were Introduced

■ The court notes the seeming bright-line distinction drawn with respect to this factor: "[i]f the documents were obtained through discovery, for example, they are afforded a stronger presumption of privacy[;]" however, "if the documents . . . are entered as evidence during a trial, there is a strong presumption against sealing because a 'trial is a public event[.]' " *Friedman*, 672 F.Supp.2d at 61 (citations omitted). Here, counsel for the parties advised the court of the consent judgment in open court, on the date that trial was scheduled to commence. Therefore, the court views the consent judgment as one as to which there is a "strong presumption against sealing[.]" Thus, the sixth *Hubbard* factor weighs against the relief sought by Defendant.

### CONCLUSION

The court finds that Defendant, who has asked that the consent judgment to which he is a party be filed under seal, has failed to "come forward with specific reasons why the record, or any part thereof, should remain under seal." *Friedman*, 672 F.Supp.2d at 58 (quoting *Johnson*, 951 F.2d at 1278). It is, therefore, this 23rd day of December, 2011,

---

2. *See* n. 1, *supra.* Defendant does not assert any proprietary interest in the consent judgment.

**ORDERED** that Defendant's Motion to Seal Document (Document No. 29) is **DENIED;** and it is

**FURTHER ORDERED** that by no later than January 3, 2012, the parties shall jointly file the consent judgment.