# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN N. XEREAS,

        Plaintiff/Counter-Defendant,

        v.

MARJORIE A. HEISS, *et al.*,

        Defendants/Counter-Plaintiffs.

Civil Action No. 12-456
RCL/DAR

## MEMORANDUM OPINION AND ORDER

The matter before the court was filed on March 23, 2012, and stems from events regarding the formation and dissolution of a joint business venture. *See* Complaint (ECF No. 1). Plaintiff seeks damages and injunctive relief for twenty-six statutory and common law claims, including trademark infringement, unfair competition, conversion, breach of contract, fraud, unauthorized interception and disclosure of electronic communications, unlawful access to stored communications, misappropriation of trade secrets, intentional interference with business relations, unjust enrichment, cybersquatting, breach of fiduciary duty, breach of duty of good faith and fair dealing, violation of right to information, violation of RICO, and conspiracy. *Id.* at 68-104. Defendants filed a counterclaim, seeking both injunctive relief and damages for thirteen claims, including breach of contract, breach of duty of good faith and fair dealing, tortious interference with existing business and contractual relationships, tortious interference with prospective business relationships, breach of fiduciary duty, violation of the computer fraud and abuse act, conversion, and conspiracy. Counterclaim (ECF No. 67) at 16-27.

Xereas v. Heiss, *et al.*

The case was referred to the undersigned United States Magistrate Judge for resolution of discovery matters, and the assignment was later expanded to include consideration of the parties' cross motions to dismiss (ECF Nos. 57, 76). *See* 06/01/2017 Minute Order; 06/15/2017 Minute Order.[1] The court now considers Plaintiff's Motion to Withdraw Motion for Leave to File Plaintiff's Second Amended Complaint under Seal (ECF No. 77), filed following the original Motion for Leave to File under Seal (ECF No. 54), included with Plaintiff's filing of the Second Amended Complaint.[2]

In deciding whether to grant a motion to seal, this court must weigh the request against the "strong presumption in favor of public access to judicial proceedings." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (internal quotations omitted). "Access to records serves the important function[] of ensuring the integrity of judicial proceedings," however, the public's access may be restricted to protect private and public interests, such as trade secrets, the privacy and reputation of victims of crimes, risks to national security interests, and the danger of an unfair trial by adverse publicity. *United States v. Hubbard*, 650 F.2d 293, 314-16 (D.C. Cir. 1980).

The strong presumption in favor of public access may be overcome upon consideration of six factors: (1) the need for public access to the documents at issue; (2) the extent of previous

---

[1] At a status hearing conducted on June 12, 2017, Plaintiff's Motion for Sanctions (ECF No. 63) was heard and withdrawn. 06/12/2017 Minute Order. Defendants' Motion for Extension of Time to Respond (ECF No. 80), Defendants' Motion for Scheduling Order (ECF No. 87), and the Consent Motion to Amend Scheduling Order (ECF No. 86) were denied as moot, and a motions hearing was scheduled for June 19, 2017, to hear arguments with respect to pending discovery motions (ECF Nos. 54, 56, 77, 91, 93). *Id.* Subsequently, the Court granted the Consent Motion to Reset the Status Hearing (ECF No. 100) and rescheduled arguments for August 22, 2017. 06/19/2017 Minute Order.

[2] Plaintiff and Defendants also filed Motions for Leave to File under Seal with their subsequent motions, replies, and opposition briefs. *See* ECF Nos. 54, 56, 58, 59, 91, 93, 97-99. Since the parties use nearly identical language in their respective Motions for Leave to File under Seal, this Order addresses the resolution of all pending motions for leave to file under seal.

Xereas v. Heiss, *et al.*

public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Nat'l Children's Ctr., Inc.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317-22).

Plaintiff contends none of the information in Plaintiff's Second Amended Complaint warrants filing under seal; however, he filed the Second Amended Complaint with his motion for leave to file under seal "out of abundance of caution" that the complaint may contain information that Defendants may consider subject to the joint stipulation protecting confidential business information. Plaintiff's Mot. For Leave to File Under Seal (ECF No. 54). Plaintiff has now moved to withdraw his original motion requesting leave to file the Second Amended Complaint under seal. However, in their respective motion for leave to file under seal, Defendants argue that the pleadings should remain under seal because there is "a strong privacy interest in having the scandalous materials reviewed by the Court prior to any public discourse." Defendants' Mot. For Leave to File under Seal (ECF No. 56).[3]

Upon review of Defendants' motion, the undersigned observes no specific evidence proffered in support of Defendant's arguments against public filing of the Second Amended Complaint, nor do Defendants cite any legal authority recognizing "a strong privacy interest in [protecting] scandalous materials . . . prior to public discourse." *Id*; *see Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) ("[A] party seeking to seal court documents must come forward with *specific* reasons why the record, or any part thereof, should remain under seal.") (emphasis

---

[3] Defendants file their initial motion for leave to file under seal with a motion to strike certain "impertinent and scandalous statements" from the Second Amended Complaint. *See* Def. Mot. to Strike (ECF No. 56). Defendants' motion to strike is not decided by this Memorandum Opinion and Order.

Xereas v. Heiss, *et al.*

added).  Instead, Defendants mistakenly rest on the notion that "[n]one of the other [*Hubbard*] factors weigh heavily in favor of rejecting the request for filing under seal."  *Id.*

The undersigned notes that the District of Columbia Circuit established that the factors laid out in *Hubbard* are to be weighed against the "strong presumption *in favor* of public access to judicial proceedings," *Nat'l Children's Ctr., Inc.*, 98 F.3d at 1410, designating the burden to rebut the presumption of disclosure to the objecting party.  Here, Defendants have failed to carry that burden.

The majority of the *Hubbard* factors weigh heavily in favor of disclosure.  As to the first factor, the undersigned perceives a high probability that the complaint will inevitably be referred to in the court's decision on Defendants' Motion to Dismiss (ECF No. 57), enhancing the need for public disclosure.  *See Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016) ("[T]here is a need for public access in those instances where the documents at issue are specifically referred to in the [] judge's public decision.").

Upon consideration of the fourth factor, the undersigned considered Defendants' primary assertion that the pleadings and related motions should remain under seal because "[t]he proposed Second Amended Complaint contains numerous impertinent and scandalous statements unnecessarily impugning the moral character of the defendants and others, including allegations of adulterous relationships, that have no relevance to any of the plead counts."  However, this court has found such "generalized" claims of privacy interest involving "harm to reputation[,]" such as those alleged above, insufficient to compel disclosure under *Hubbard*.  *See United States ex rel. Grover v. Related Companies*, LP, 4 F. Supp. 3d 21, 27 (D.D.C. 2013).

Additionally, unlike a tangentially related exhibit, the documents sought to be sealed here are Plaintiff's Second Amended Complaint and subsequent motions regarding it and information

Xereas v. Heiss, *et al.*

contained therein. Thus, upon consideration of the sixth factor, the undersigned finds the purpose for which the relevant documents have been introduced is significant, and as this court has opined, "the more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes." *See United States ex rel. Grover*, LP, 4 F. Supp. 3d at 28. Thus, as Plaintiff asserts, the complaint is a central feature of the underlying litigation, rendering the sealing of it and any subsequent motions which refer to it inappropriate in this instance.

It is, therefore,

**ORDERED** that Plaintiff's Motion to Withdraw the Motion for Leave to File under Seal (ECF No. 77) is **GRANTED**; and it is,

**FURTHER ORDERED** that Plaintiff's remaining Motions for Leave to File under Seal (ECF Nos. 58, 91, 97, 98)) are **DENIED** as moot; and it is

**FURTHER ORDERED** that Defendants' Motions for Leave to File under Seal (ECF Nos. 56, 59, 93, 99) is **DENIED**.

_____/s/_____
DEBORAH A. ROBINSON
August 18, 2017                                United States Magistrate Judge