UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CONTINENTAL TRANSFERT TECHNIQUE LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-2026 (PLF) |
| FEDERAL GOVERNMENT OF NIGERIA et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion [Dkt. No. 126] of proposed intervenor Central Bank of Nigeria ("CBN") for leave to file certain documents under seal. The Court will grant CBN's motion for leave in part subject to the conditions discussed below.

CBN seeks to file under seal its motion [Dkt. No. 126-1] for leave to intervene and accompanying documents, as well as it opposition [Dkt. No. 126-2] to plaintiff's motion for writ of attachment and accompanying documents. CBN contends that these documents contain confidential business information covered by an existing confidentiality agreement between the parties, as well as certain financial information. CBN further notes that the Court granted plaintiff's earlier motion for leave to file under seal its motion for writ of attachment. See June 1, 2018 Order [Dkt. No. 122]. Plaintiff does not oppose CBN's motion for leave to file under seal.

Sealed court proceedings are inconsistent with "this country's strong tradition of access to judicial proceedings." United States v. Hubbard, 650 F.2d 293, 317 n.89 (D.C. Cir.

1980); see Metlife, Inc. v. Fin. Stability Oversight Council, 865 F.3d 661, 665 (D.C. Cir. 2017).

As a general rule, the courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 149 F. Supp. 3d 69, 70 (D.D.C. 2015) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). Public access to records of judicial proceedings "serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." See Metlife, Inc. v. Fin. Stability Oversight Council, 865 F.3d at 665 (quoting United States v. Hubbard, 650 F.2d at 314-15). Accordingly, "[t]he starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016); see EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996).

The parties seek to file under seal all briefing related to both plaintiff's motion for writ of attachment and CBN's motion for leave to intervene. Given the policy in favor of public access, and the ease with which confidential and potentially confidential information may be redacted from documents before they are filed publicly, the Court sees no reason for all filings in this matter to be sealed in their entirety simply because they reference confidential information or financial information. See In re McCormick & Co., Misc. No. 15-1825, 2017 WL 2560911, at *2 (D.D.C. June 13, 2017); Grynberg v. BP P.L.C., 205 F. Supp. 3d 1, 3 (D.D.C. 2016) (explaining that even if disclosure would violate the terms of the parties' settlement and confidentiality agreements, such agreements between private parties "do not dictate whether documents can be filed under seal"). This case can and should be open to the public to the greatest extent possible.

The Court therefore will require the parties to comply with the conditions specified below for all filings related to plaintiff's motion for writ of attachment and CBN's motion for leave to intervene, as well as for all subsequent filings in this case:

1.     All documents of any nature, including motions and briefs, that contain confidential material or financial information which a party proposes to keep under seal, shall be filed with the Court under seal in an envelope or other container marked with the title of the action, the title of the court filing which contains the confidential material or financial information, and the statement "FILED UNDER SEAL" below the Court.

2.     Within five business days a party filing such documents with the Court shall also file on the public record a copy of the documents in which the confidential material or financial information is redacted.

3.     Redactions to public copies of documents shall be made solely to the extent necessary to preserve the confidentiality of the relevant information and in accordance with the principles set forth in this Memorandum Opinion and Order.

4.     Alternatively, if – and only if – the redactions are so extensive as to render any particular document useless to the reader, the party shall file on the public record a notice of the filing of the documents under seal in its entirety.

Accordingly, it is hereby

ORDERED that the motion [Dkt. No. 126] of proposed intervenor CBN for leave to file under seal is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that CBN's motion [Dkt. No. 126-1] for leave to intervene and accompanying documents, as well as its opposition [Dkt. No. 126-2] to plaintiff's

motion for writ of attachment and accompanying documents, may be filed under seal, and the Clerk of the Court is directed to docket them; it is

FURTHER ORDERED that within five business days CBN shall file on the public record a copy of such documents in which the confidential material is redacted; it is

FURTHER ORDERED that within five business days plaintiff shall file on the public record a copy of its motion [Dkt. No. 123] for writ of attachment and accompanying documents, as well as its reply [Dkt. No. 132] in support of its motion for writ of attachment, in which the confidential material or financial information is redacted consistent with the principles set forth in this Memorandum Opinion and Order; and it is

FURTHER ORDERED that all subsequent documents that either party may file in this case comply with the conditions set forth in this Memorandum Opinion and Order.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 29, 2018