# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 19-5333**                                   **September Term, 2019**

**1:19-mc-00176-UNA**

**Filed On:** August 18, 2020

David Meyers,

      Appellant

    v.

Christina Doran Troiani,

      Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Tatel, Griffith, and Millett, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to seal, and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion to seal be granted in part. The Clerk is directed to maintain under seal the notice of appeal, appellant's motion to seal, and appellant's statement of issues. The motion to seal is denied as to the remainder of appellant's submissions. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed October 16, 2019, be affirmed. Appellant has not shown that the district court abused its discretion in denying the motion to file the petition for writ of mandamus under seal. See EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996). This court applies "a strong presumption in favor of public access to judicial proceedings," id. (citation and internal quotation marks omitted), and appellant has not presented any arguments sufficient to overcome that presumption. Appellant is reminded that if he wishes to proceed with this case, he may do so by filing his mandamus petition on the

district court's public docket, in accordance with the district court's order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk