# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 2, 2022          Decided March 18, 2022

No. 21-5128

IN RE: APPLICATION OF LOS ANGELES TIMES
COMMUNICATIONS LLC TO UNSEAL COURT RECORDS,

LOS ANGELES TIMES COMMUNICATIONS LLC,
APPELLANT

v.

UNITED STATES,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-mc-00016)

———

*Katie Townsend* argued the cause for appellant. With her
on the briefs was *Grayson Clary*.

*Selina MacLaren* was on the brief for *amici curiae* Media
Organizations in support of appellant.

*Elizabeth H. Danello*, Assistant U.S. Attorney, argued the
cause for appellee. With her on the brief were *Chrisellen R.
Kolb* and *Molly Gaston*, Assistant U.S. Attorneys.

Before: ROGERS, MILLETT and KATSAS, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: The Los Angeles Times appeals the district court's denial of its motions to unseal court records relating to a search warrant allegedly executed on Senator Richard Burr in connection with an insider-trading investigation and the government's memorandum opposing its motion to unseal. It claims rights of access to these materials pursuant to the common law and the First Amendment of the U.S. Constitution. It maintains that sealing the government's opposition memorandum violated its rights under the Due Process Clause of the Constitution. The court remands the case to the district court to reconsider its common law analysis in light of new disclosures from a related investigation by the Securities and Exchange Commission and Senator Burr's public acknowledgment of the Justice Department's investigation, as well as precedent governing how the common law right should be balanced against competing interests.

**I.**

On February 13, 2020, Senator Richard Burr and his wife sold stocks valued between $628,000 and $1.72 million, as disclosed in mandatory Senate filings. Soon after, the stock market fell sharply as news about the COVID-19 pandemic spread. Because, shortly before those sales, Senator Burr had received briefings on the pandemic in his capacity as a Senator and member of the Senate Committee on Health, Education, Labor and Pensions, the February 13 trades quickly garnered media scrutiny and public attention. *See, e.g.*, Eric Lipton & Nicholas Fandos, *Senator Richard Burr Sold a Fortune in Stocks as G.O.P. Played Down Coronavirus Threat*, N.Y.

TIMES (Mar. 19, 2020), https://www.nytimes.com/2020/03/19/us/politics/richard-burr-stocks-sold-coronavirus.html.

On May 13, 2020, Los Angeles Times Communications LLC reported that Senator Burr had been served with a search warrant and that his cellphone had been seized in connection with an alleged investigation by the Justice Department into his stock trades. Del Quentin Wilber & Jennifer Haberkorn, *FBI Serves Warrant on Senator in Investigation of Stock Sales Linked to Coronavirus*, L.A. TIMES (May 13, 2020), http://lat.ms/2N0cTNh. The article was based on the comments of a "law enforcement official" who was "speaking on condition of anonymity to discuss a law enforcement action." *Id.* Eight months later, Senator Burr issued a public statement noting that the investigation into the stock transactions had been closed. *See* Vanessa Romo*, DOJ Drops Insider Trading Investigation Into Sen. Richard Burr*, NPR (Jan. 19, 2021), https://www.npr.org/2021/01/19/958622574/doj-drops-insider-trading-investigation-into-sen-richard-burr.

On February 24, 2021, the L.A. Times filed a motion in the U.S. District Court for the District of Columbia pursuant to Local Criminal Rule 57.6, requesting that the district court unseal court records related to the search warrant allegedly executed on Senator Burr's cellphone. In support, the L.A. Times claimed rights of access under the common law and the First Amendment to the U.S. Constitution. The government opposed the motion, filing *ex parte* and under seal. The L.A. Times then moved to unseal the government's opposition or, in the alternative, to order the government to file a redacted version of its sealed filings on the public docket.

The district court ruled that even if a common law or First Amendment right of access attached, "no disclosure of search warrant materials would be appropriate in a closed, non-public

investigation that has not resulted in criminal charges, and where individual privacy and governmental interests may be implicated." D.D.C. Mem. Op. & Order at 6 (May 26, 2021) (hereinafter "2021 Mem. Op."). Applying *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980), the court explained that "investigations that had not been acknowledged by the government" may implicate several distinct privacy interests, including "privacy interests of the subject of the investigation, privacy interests of third parties, and investigative interests of the government." 2021 Mem. Op. at 7. Further, the court observed that "[w]ithout acknowledgment by the government, media coverage regarding the existence of a criminal investigation or search warrant does not extinguish the substantial privacy interests underlying search warrant materials, particularly where the specific information in the materials has not been disclosed." *Id.* at 8. Concluding that the "various privacy and government interests . . . would outweigh the public's interest in disclosure," *id.* at 9, the court denied the motion to unseal the hypothesized search warrant materials, *id.* at 10.

The district court also denied the motion to unseal the government's opposition for the same reason. *Id.* at 9 n.3. Responding to the L.A. Times' reliance on *Washington Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991), the district court stated that *Robinson* "sets forth 'Procedures for Sealing Plea Agreements,' that do not necessar[ily] apply generally to all motions to seal." 2021 Mem. Op. at 9 n.3 (internal citation omitted). The L.A. Times subsequently appealed the district court's memorandum opinion and accompanying order.

Several months after the district court's opinion was issued, the Securities and Exchange Commission ("SEC") filed an enforcement action in the U.S. District Court for the Southern District of New York for a subpoena issued to Senator

Burr's brother-in-law, Gerald Fauth. Application for Order to Show Cause and Order Requiring Compliance with an Investigative Subpoena, *SEC v. Fauth*, No. 1:21-mc-00787 (S.D.N.Y. Oct. 22, 2021). In the accompanying memorandum of law, the SEC disclosed that it was investigating stock trades by Senator Burr and Mr. Fauth, and that its investigation paralleled an investigation by the Justice Department. Memorandum of Law, *SEC v. Fauth*, No. 1:21-mc-00787, at 3, 6 (S.D.N.Y. Oct. 22, 2021). The filing also disclosed some of the underlying facts, including records of phone calls among Burr, Fauth, and their brokers. *Id.* at 4–5. A separate declaration by Fauth's counsel recounted a conversation in which Justice Department prosecutors stated that the criminal investigation of Fauth was closed. Decl. of F. Joseph Warin (counsel for Gerald Fauth), *SEC v. Fauth*, No. 1:21-mc-00787, at 3–4 (S.D.N.Y. Oct. 27, 2021).

## II.

The common law right of access attaches to "judicial records," which this court has characterized as documents intended to "influence a judge's decisionmaking." *CNN v. FBI*, 984 F.3d 114, 116, 118 (D.C. Cir. 2021). The government's opposition memorandum is a classic example of a document intended to influence judicial decision-making and is therefore a judicial record. *See League of Women Voters v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020). So, too, are the hypothesized search warrant materials, which would have been intended to influence a judicial decision to find probable cause to issue a search warrant. This court has concluded that electronic surveillance applications, which serve a similar purpose to search warrant materials, are subject to the common law right of access. *In re Application of Leopold*, 964 F.3d 1121, 1128–29 (D.C. Cir. 2020). And other circuit courts of appeals have held that search warrant applications and their supporting

affidavits are judicial records. *See, e.g.*, *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1193 (9th Cir. 2011); *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990).

Where the common law right attaches, there is a "strong presumption in favor of public access to judicial proceedings," but "that presumption may be outweighed by competing interests." *Leopold*, 964 F.3d at 1127 (quoting *Hubbard*, 650 F.2d at 317) (internal quotation marks omitted). In *Hubbard*, 650 F.2d at 317–22, this court outlined a six-factor test describing the relevant interests to be considered upon a motion to unseal. The test is summarized in *MetLife v. Financial Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017):

> [W]hen a court is presented with a motion to seal or unseal, it should weigh (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* at 665 (internal citations and quotation marks omitted). The court continued:

> A seal may be maintained only "if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires."

*Id.* at 665–66 (quoting *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981)).  For the following reasons, this court need not now reach the L.A. Times' arguments under the First Amendment.

This court reviews the district court's balancing of the *Hubbard* factors for abuse of discretion.  *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1410 (D.C. Cir. 1996). Although its discretion is "wide," the district court must provide a "full explanation" for its decision, detailed enough to permit "review [of] the district court's exercise of its discretion."  *Id.*  Because the SEC's parallel investigation released details after the district court had denied the L.A. Times' motions, the district court should on remand re-evaluate and re-weigh the *Hubbard* factors to determine whether it is still appropriate to seal the hypothesized search warrant materials and the government's opposition memorandum.  To the extent the hypothesized search warrant materials exist and any materials contain details that were not public when the district court denied L.A. Times' motion to unseal, the district court should reconsider whether sealing is still justified in view of the *Hubbard* factors or whether redaction would be an appropriate alternative.

In addition, the district court's *Hubbard* analysis is flawed in ways that are independent of the SEC disclosures and should be reconsidered on remand.  First, the district court's analysis of the first *Hubbard* factor — the need for public access — falls short of the "full explanation" expected to enable this court to review the district court's reasoning. *Nat'l Children's Ctr.*, 98 F.3d at 1410.  Although the court acknowledges the possible existence of a public interest in disclosure, 2021 Mem. Op. at 9 (noting that "the various privacy and government interests . . . outweigh the public's interest in disclosure"), its opinion

does not discuss either the nature or scope of that interest or the powerful public interest in learning of a sitting Senator's potential violation of insider-trading laws based on information acquired in his official capacity. Without further elaboration on the nature of the public interest that the district court found to be outweighed by the privacy and government interests, this court will be unable to determine whether the district court acted properly within its discretion.

Second, the district court placed almost no weight on the extensive media reporting relating to the Justice Department investigation, including the Senator's own acknowledgment of the investigation, when evaluating the privacy interests at stake. The court concluded that the privacy interests referenced by *Hubbard*'s fourth factor are "no less great where some of the relevant information has been reported on in the news media," stating that "[w]ithout acknowledgment by the government, media coverage regarding the existence of a criminal investigation or search warrant does not extinguish the substantial privacy interests underlying search warrant materials, particularly where the specific information in the materials has not been disclosed." *Id.* at 8. Even if the interests are not "extinguish[ed]," the district court appears not to have contemplated the possibility that those interests would be attenuated where the very subject of the investigation has acknowledged it. As the Supreme Court has instructed, a district court's *Hubbard* analysis must consider the "relevant facts and circumstances of the particular case," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978), which in the instant case would include the Senator's own acknowledgment of the investigation. Nor did the district court address whether Senator Burr's privacy interest was further diminished because the investigation involved actions taken by a public official in his public capacity.

Third, the district court did not address the sixth factor of the *Hubbard* test — the purposes for which the documents were introduced during the judicial proceedings. Although the relevance of this factor may vary from case to case, it will "oftentimes carry great weight" when "a sealed document is considered as part of judicial decisionmaking." *CNN*, 984 F.3d at 120. Because the hypothesized search warrant materials and the government's opposition memorandum would have been considered as part of judicial decision-making, the district court's failure to discuss that factor similarly frustrates appellate review of its balancing of the *Hubbard* factors.

Accordingly, the court remands the case to the district court to reconsider its *Hubbard* analysis in light of the public disclosures in the SEC investigation, the Senator's public acknowledgment of the Justice Department investigation, and this court's precedent governing the application of the *Hubbard* test. The district court shall reconsider the L.A. Times' challenge that it was "fundamental[ly] disadvantage[d]" by the court's decision to seal the government's opposition memorandum and attached exhibits. Mot. to Unseal Mot. for Leave to File Doc. Under Seal, Gov't Resp. in Opp. to Mot. to Unseal, and Attached Exhibits, *In re L.A. Times*, No. 1:21-mc-00016, at 4 (D.D.C. April 5, 2021).