In re: **POLEMAR CONSTRUCTION LIMITED PARTNERSHIP,**
Debtor,

**Lawrence A. Friedman,**
**Trustee, Appellee,**

v.

**Kenneth Mitan, Appellant,**

**Keith Mitan; Mount Hollywood Limited Partnership; Mecca One Limited Partnership; Mitan III Three Limited Partnership; Pellestar, Ltd.; Mitan Mid–America Management Department, Inc.; Mitan Properties Corporation, Defendants.**

No. 00–2466.

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

Before KEITH, BOGGS, and MOORE, Circuit Judges.

This is an appeal from a district court's final order approving a Settlement Agreement in this adversary bankruptcy case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lawrence Friedman, Trustee for the Chapter 7 estate of the captioned debtor, filed an adversary proceeding against Kenneth Mitan (defendant-appellant), Keith Mitan, Mitan Mid–America Management Department, Inc., Pellestar Ltd., Mitan III Limited Partnership, Mecca One Limited Partnership, Mt. Hollywood Limited Partnership and Mitan Properties Corp. (collectively "co-defendants") seeking to recover approximately $500,000.00 in damages. On April 21, 1997, the parties entered a Settlement Agreement. The settlement was noticed to the debtor's creditors, and on September 2, 1997, the bankruptcy court issued its opinion and order approving the settlement and denying a motion for an order sealing the court file. The district court affirmed the bankruptcy court's decision in an opinion and order entered September 10, 1998. This court affirmed the district court's decision in an order filed July 11, 2000. *See Mitan v. Friedman (In re Polemar Constr. Ltd., P'ship)*, 2000 WL 1256953 (6th Cir. July 11, 2000) (unpublished order). No further appeal was taken.

As a result of the Settlement Agreement, the defendants agreed to remit to the Trustee the sum of $40,000.00 payable in ten consecutive, equal monthly installments of $4,000.00 each, the first such payment being due and payable on the thirtieth day after the date the Settlement Order became final and non-appealable.

The Trustee contends that by the terms of the Settlement Agreement, the first payment was due August 11, 2000, and that the defendants failed to remit payment by that date. Pursuant to Paragraph C of the Settlement Agreement, in the event of a default by the defendants, the Trustee may accelerate the unpaid balance if payment has not been received within seven days of written notice of the default. The Trustee served written notice on the defendants on September 20, 2000. The Trustee contends that the defendants still failed to remit payment. Thereafter, the Trustee filed a motion for entry of judgment on the Settlement Agreement in the district court. The defendants filed a response arguing that they were not in default because the time to commence installment payments had not arrived because the court had not yet entered a final non-appealable order approving the Settlement Agreement.

After a hearing on the motion, the district court entered a judgment and final order on October 31, 2000, approving the Settlement Agreement and dismissing the action with prejudice as against defendants Keith Mitan and Mitan Properties Corp. The court also ordered that installment payments under the terms of the Settlement Agreement commence 30 days after the date of the order and in accordance with the settlement terms. Kenneth Mitan is the sole appellant in this appeal.

Kenneth Mitan's sole issue on appeal is whether the district court erred by refusing to seal the settlement agreement. The

district court's decision to seal (or not to seal) court records is reviewed for an abuse of discretion. *See EEOC v. Nat'l Children's Ctr., Inc.,* 98 F.3d 1406, 1409 (D.C.Cir.1996) (citing *Johnson v. Greater Southeast Cmty. Hosp. Corp.,* 951 F.2d 1268, 1277 (D.C.Cir.1991)). Abuse of discretion is "a definite and firm conviction that the trial court committed a clear error of judgment." *Davis v. Jellico Cmty. Hosp. Inc.,* 912 F.2d 129, 133 (6th Cir. 1990) (internal quotation marks omitted). A court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995).

There is a strong public policy in favor of public access to judicial proceedings, most particularly as relates to a court's order or decree, embodying a settlement. *See, e.g., Nat'l Children's Ctr., Inc.,* 98 F.3d at 1409; *SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir.1993). In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 599, 602, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (court must consider "relevant facts and circumstances of the particular case"); *Belo Broadcasting Corp. v.. Clark,* 654 F.2d 423, 434 (5th Cir.1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.,* 800 F.2d 339, 344 (3d Cir.1986) (court had duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick,* 696 F.2d 796, 803 (11th Cir.1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").

The district court did not abuse its discretion by refusing to seal the Settlement Agreement. Mitan did not give any reasons justifying sealing the Settlement Agreement. Further, the Settlement Agreement provisions were already noticed out to parties in interest and thus a material and basic part of what Mitan sought to seal had already been disclosed.

Accordingly, the October 31, 2000, judgment and final order approving the Settlement Agreement is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.