**AMERICAN PROFESSIONAL AGENCY, INC., Plaintiff,**

**v.**

**NASW ASSURANCE SERVICES, INC., et al., Defendants.**

**Civil Action No. 12–1488 (GK)**

United States District Court, District of Columbia.

Signed 06/24/2013

Harvey A. Levin, Kathleen Elizabeth Kraft, Thompson Coburn, LLP, Washington, DC, Robert L. Folks, Robert L. Folks & Associates, LLP, Melville, NY, for Plaintiff.

Robert Holt Myers, Jr., Morris, Manning & Martin, LLP, Washington, DC, David A. Rabin, William Andrew McNeil, Morris, Manning & Martin, L.L.P., Atlanta, GA, for Defendants.

## MEMORANDUM OPINION AND ORDER

Gladys Kessler, United States District Judge

Plaintiff American Professional Agency, Inc. ("Plaintiff" or "APA") brought this diversity action against NASW Assurance Services, Inc. and the National Association of Social Workers, Inc. ("Defendants") for breach of contract. Defendants filed a counterclaim against Plaintiff, alleging violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and various common law torts. The parties have now reached a settlement agreement resolving all claims.

This matter is presently before the Court on the Plaintiff's Motion Requesting Sealing of Consent Order and Judgment [Dkt. No. 38]. Upon consideration of the Motion, an *amicus curiae* brief,[1] the entire record herein, and for the reasons stated below, Plaintiff's Motion is **denied.**

## I. BACKGROUND

On September 7, 2012, APA filed a publicly-available Complaint alleging that Defendants had breached a contract they had with APA whereby APA provided insurance services to Defendant National Association of Social Workers, Inc. ("NASW") and an NASW affiliate would promote and market the insurance program [Dkt. No. 1]. Compl. ¶¶ 2–5; 46–49.

---

1. The Court thanks *amicus curiae* Public Citizen, Inc. for their able, and prompt, assistance in this case.

On October 1, 2012, Defendants filed a publicly-available Answer and Counterclaim [Dkt. No. 4]. They alleged, among other things, that Plaintiff violated the Lanham Act's prohibition on unfair competition by using false, deceptive and misleading consumer advertising. Counterclaim ¶¶ 53–60.

On November 19, 2012, APA amended its complaint to include Lanham Act claims [Dkt. No. 19]. Am. Compl. ¶¶ 100–108. On February 12, 2013, Defendants filed an Answer to the Amended Complaint and their First Amended Counterclaim [Dkt. No. 32].

On April 11, 2013, the Parties filed a Joint Motion to Approve Consent Judgment [Dkt. No. 34] and a Joint Motion for Leave to File Document Under Seal [Dkt. No. 35]. They indicated that they had agreed upon the terms of a Consent Order, but that "resolution of the matters in this case depends in part on maintaining the confidentiality of the terms of the Consent Order and Judgment." Jt. Mot. for Leave to File Doc. Under Seal ¶ 5.

On April 16, 2013, the Court denied the Motion without prejudice and ordered the Parties to file a motion to seal the Consent Order and Judgment that addressed the factors relevant to sealing under D.C. Circuit precedent. [Dkt. No. 37]. On May 7, 2013, APA filed the instant Motion Requesting Sealing of Consent Order and Judgment [Dkt. No. 38] ('Motion'). Defendants neither joined nor opposed that Motion. On May 17, 2013, this Court appointed Public Citizen to submit an amicus curiae brief on the issue of the sealing of the Consent Order and Judgment [Dkt. No. 39] On June 3, 2013, the amicus curiae brief was filed [Dkt No. 42].

## II. STANDARD OF REVIEW

■ "[T] he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). The decision to seal court records is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 293, 316–17 (D.C.Cir. 1980) (quoting *Nixon*, 435 U.S. at 599, 98 S.Ct. 1306) (alterations in the original).

■ The starting point in considering a motion to seal court records is a "strong presumption in favor of public access." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C.Cir.1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C.Cir.1991)). In *Hubbard*, our Court of Appeals identified six factors to be considered in deciding whether the presumption should be overcome:

(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22). The Court will address each in turn.

## III. ANALYSIS

### A. Need for Public Access to the Documents at Issue

The first Hubbard factor to be considered is the need for public access to the documents at issue. Here, the APA seeks

to seal a Consent Order and Judgment, the Court's final determination in this case.

APA contends that the need for public access to the Consent Order and Judgment is minimal because the Consent Order has never been introduced as evidence or discussed in the litigation. Motion at 3.

 However, a consent order "must be treated as a judicial act," not as a mere contract between the parties. *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1125 (D.C.Cir.1983) (internal quotation marks omitted). If the consent order is approved and entered by the Court, it would become the Court's decision—a type of judicial record in which the public always has a strong interest. See *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir.1993) ('Once a settlement is filed in district court, it becomes a judicial record. The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval.') (citation omitted); *In re Polemar Constr. Ltd. P'ship*, 23 Fed.Appx. 423, 425 (6th Cir.2001) ('There is a strong public policy in favor of public access to judicial proceedings, most particularly as relates to a court's order or decree, embodying a settlement.') (citing *Nat'l Children's Ctr.*, 98 F.3d at 1409).

 Thus, the fact that the Consent Order has not been introduced as evidence or discussed in the litigation does not change the fact that, once entered, it becomes a "judicial record" subject to the presumption of access to the public.

APA also argues that the public's need for access is not significant because this case is merely a commercial dispute "that does not implicate public health, public safety[,] or public funds." Motion at 4. First, the Court notes that this "misconstrues the relevant inquiry and completely ignores the strong public interest in the openness of judicial proceedings, which exists irrespective of whether the proceedings at issue relate to disputes among private litigants." *Upshaw v. United States*, 754 F.Supp.2d 24, 28 (D.D.C.2010).

Second, the Court disagrees with APA's assertion that this case does not implicate public concerns. The Parties accused each other of violating the Lanham Act's prohibition on false advertising, and each alleged that the other made false, deceptive, and misleading statements to consumers that deceived or tended to deceive consumers and to affect purchasing decisions. The public has an obvious interest in learning about a court order that resolves claims alleging consumer deception. *Cf. Nat'l Children's Ctr.*, 98 F.3d at 1410 (noting that public should learn how money contributed to charitable organization is spent); *Johnson*, 951 F.2d at 1277–78 (recognizing the "obvious public interest in being informed about the quality of health care").

Thus, the Court concludes that the need for public access weighs in favor of not sealing the Consent Order.

## B. Extent of Previous Public Access to Documents

The second *Hubbard* factor to be considered is the extent of previous public access to the documents. Although "[p]revious access is a factor which may weigh in favor of subsequent access," *Hubbard*, 650 F.2d at 318, the second *Hubbard* factor is "neutral" where there has been no previous access. *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F.Supp.2d 64, 68 (D.D.C.2011). Thus, the Court concludes that the extent of previous public access neither weighs in favor nor weighs against sealing the Consent Order.

## C. Objections to Disclosure, Strength of Interests Asserted, and Possibility of Prejudice

"The third, fourth, and fifth *Hubbard* factors are interrelated, and require courts to look at the strength of the property and privacy interests involved, and to take into account whether anyone has objected to public disclosure and the possibility of prejudice to that person." *Upshaw,* 754 F.Supp.2d at 29 (footnote omitted).

"The fact that a party moves to seal the record weighs in favor of the party's motion." *Id.* (citing *Nat'l Children's Ctr.,* 98 F.3d at 1410). However, there have been "no objections to unsealing by third parties, which the Circuit in *Hubbard* found to be particularly problematic." *United States v. ISS Marine Servs., Inc.,* 905 F.Supp.2d 121, 141 (D.D.C.2012) (citing *Hubbard,* 650 F.2d at 319).

As to the property and privacy interests involved, the APA has not indicated that the Consent Order and Judgment contain sensitive information of the kind for which a seal might be appropriate, for example, 'to protect trade secrets, or the privacy and reputation of victims of crimes,' or 'to guard against risks to national security interests.' *Hubbard,* 650 F.2d at 315–16 (footnotes omitted); *see also ISS Marine Servs.,* 905 F.Supp.2d at 141 (noting that movant had 'not identified any particular documents in the record that contain sensitive, confidential, or privileged material'). Instead, the APA merely states that 'both parties have a strong interest in preserving the 'benefit of the bargain' of the ... settlement and not disrupting the peace that the parties seek to achieve through their agreements to the Consent Order,' Motion at 5, rather than specifying any actual harm they will suffer.

The desire for a confidential settlement cannot alone justify sealing a consent order. In *National Children's Center,* our

Court of Appeals reversed a district court's decision to seal a consent decree despite the parties' desire to keep the settlement agreement confidential. 98 F.3d at 1409–10. In addition, if the Parties are bound and determined to keep the agreement confidential, they are free to enter into a private settlement and jointly stipulate to dismissal of the case. *See, e.g., Jessup v. Luther,* 277 F.3d 926, 928 (7th Cir.2002) (citing Fed.R.Civ.P. 41(a)(1)(ii)).

The only "prejudice" that APA alleges is that the Consent Order may provide "fodder" to criticize the APA and that third parties may "potentially disparage[e] APA" if they are "able to access, publish and discuss the terms of the Consent Order." Motion at 5. These vague assertions are insufficient to demonstrate prejudice or override the public's interest in knowing the resolution of the claims in this case. *Zapp v. Zhenli Ye Gon,* 746 F.Supp.2d 145, 150 (D.D.C.2010) (holding that "amorphous claim" that release of documents would damage 'reputation and interests as a practicing attorney' was insubstantial and did not weigh in favor of sealing); *see also Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1179 (6th Cir.1983) ("Simply showing that ... information would harm the company's reputation is not sufficient" to override public interest in access).

Thus, the Court concludes that the third, fourth, and fifth *Hubbard* factors do not weigh in favor of sealing the Consent Order.

## D. Purposes for Which Documents Were Introduced

The sixth and final *Hubbard* factor to be considered is the purpose for which the documents were introduced during the judicial proceedings. The Consent Order and Judgment, if approved and entered,

would constitute the Court's decision in the case. As discussed above, public access to judicial decisions is "fundamental to a democratic state" and "serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *Hubbard*, 650 F.2d at 315 & n. 79.

Thus, the Court concludes that the sixth factor weighs in favor of not sealing the Consent Order.

## IV. CONCLUSION

In sum, the Parties have not overcome the "strong presumption in favor of public access" to court records. *Nat'l Children's Ctr.*, 98 F.3d at 1409. The Court finds that the approval and entry of the Consent Order and Judgment under seal. Accordingly, it is hereby

**ORDERED,** that Plaintiff's Motion Requesting Sealing of Consent Order and Judgment is **denied.**