**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-1817

———————

FEDERAL TRADE COMMISSION; COMMONWEALTH OF PENNSYLVANIA

v.

THOMAS JEFFERSON UNIVERSITY; ALBERT EINSTEIN
HEALTHCARE NETWORK

\*AETNA, INC.,

Appellant

\*(Pursuant to Rule 12(a), Fed. R. App. P.)

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-01113)
District Judge: Honorable Gerald J. Pappert

———————

Argued on November 16, 2021

Before: AMBRO, JORDAN, and RENDELL, <u>Circuit Judges</u>

(Opinion Filed: February 16, 2022)

Michael H. McGinley (Argued)
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

Justin M. Romeo
Rani A. Habash

1900 K Street, N.W.
Washington, DC 20006

Counsel for Appellant Aetna, Inc.

---

OPINION[*]

---

AMBRO, <u>Circuit Judge</u>

Businesses usually keep a tight lid on competitively sensitive information like pricing rates and contract terms. But Aetna, Inc., a health insurer, was forced to disclose this information when the Federal Trade Commission subpoenaed it as a non-party in an antitrust investigation of a healthcare merger. Though a protective order shielded the documents from the public when the FTC sued in federal court, the parties flouted that order when they filed several of Aetna's documents as evidence without first notifying the insurer.

This filing had serious consequences. A document filed with a district court becomes a "judicial record," and a strong presumption attaches in favor of public access to those documents. Though Aetna quickly moved to seal or partially redact its records, the District Court denied the motion, concluding Aetna failed to explain satisfactorily how public disclosure of its documents would harm its competitive interests. Because, based on the peculiar circumstances of this case, we conclude the District Court should not have denied Aetna's motion without a hearing, we vacate the Court's order and remand.

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

## I.    Background

In 2018, two Philadelphia-area health systems, Thomas Jefferson University and Albert Einstein Healthcare Network, agreed to merge. Before the merger, though, the Federal Trade Commission launched an antitrust investigation. It concluded the merger would substantially lessen competition and, in 2020, sued alongside the Commonwealth of Pennsylvania to block it.

As part of the investigation and litigation, the FTC and the healthcare providers subpoenaed many non-party businesses, including health insurance companies. Aetna responded by producing an assortment of business records and providing deposition testimony. These records contained sensitive commercial information—including reimbursement rates, negotiation strategies, and contracting information—so they were designated "Highly Confidential" under the District Court's Stipulated Protective Order. "Highly Confidential" documents could only be disclosed to individuals like court personnel, litigators, and witnesses. And they could be used only "for the purposes of this [district court] proceeding and the related FTC administrative proceeding, and any appeals of either proceeding, and for no other purpose whatsoever." Appx. at 12. Though the protective order explained it did not authorize the automatic sealing of exhibits—no matter if they were designated "Confidential" or "Highly Confidential"—the parties could move to seal any filed document under the Court's local rules. The parties also agreed that if they filed a document initially submitted by a non-party or if they identified such a document in a final pre-hearing exhibit list, they would notify the document's "submitter of such inclusion within one day of such filing." *Id.* at 14.

As the antitrust case moved toward an evidentiary hearing on the FTC's preliminary injunction motion, the parties adhered to the terms of the protective order and notified the various non-parties of their intent to use non-party documents as evidence at the hearing. On September 2, 2020, the FTC advised Aetna it planned to introduce portions of Aetna's "Highly Confidential" records into evidence, including eleven Aetna documents and two deposition transcripts. A day later, the healthcare providers also alerted Aetna that they intended to introduce into evidence eight Aetna documents and one deposition transcript.

The District Court ordered all non-parties seeking sealing of their sensitive business documents to file motions (not to exceed five pages) by September 8, 2020. In response, 19 entities, including Aetna, filed 35 motions seeking to seal about 4,096 pages of material. Aetna's motion sought to seal certain documents and redact others to protect its competitively sensitive information from disclosure.

Before the Court ruled on that motion, the parties (at the Court's suggestion) pared down their exhibit lists and decided not to use Aetna's documents or testimony. The Court therefore denied Aetna's motion as moot.

The preliminary injunction hearing went forward as planned. But on October 12 the parties filed two letters asking the Court to admit additional documents into evidence— including six produced by Aetna. For unexplained reasons, the parties never notified Aetna they were seeking to introduce some of its documents into the record and the letters were not docketed until December 7. The Court granted the parties' request and admitted the documents unsealed. It simultaneously denied the FTC's motion for a preliminary injunction.

4

Aetna did not know that its documents had been filed with the Court until the parties' letters were docketed in December 2020. It then scrambled to file a renewed motion to seal. The exhibits, it said, contained highly confidential information, including (to repeat in part) reimbursement, bidding, and pricing data, negotiation strategies, strategic planning and analyses, and contracting information. Publicly disclosing this information allegedly would "provide valuable insights to Aetna's competitors and providers on Aetna's current and future negotiating tactics, strategies, product plans, network plans, contracts, and finances," and would significantly harm its competitive standing. Appx. at 147. Along with its motion, Aetna attached three sets of documents: a declaration explaining how disclosure of its documents may harm its competitive standing, a chart specifying what category of business information each document contained, and redacted versions of its documents for the public record. But, Aetna added, if the Court needed additional argument or evidence, it asked for an opportunity to expand on its arguments at a hearing.

Around the same time the sealing motion was filed, the FTC appealed the District Court's order denying the preliminary injunction. The parties then settled, and the District Court dismissed the case. A few weeks later, it issued a housekeeping order resolving the three remaining motions still pending on the docket, including Aetna's motion to seal.

The Court denied that motion in a four-paragraph footnote. Aetna, it said, had failed to "rebut[] the strong presumption of openness" that attaches to judicial records or meet "its burden to show that disclosure will work . . . [a] clearly defined and serious injury." *Id.* at 2 n.2. It also noted Aetna had "not sufficiently explained how public dissemination

5

of the pertinent materials *now* would cause the competitive harm [it] claim[ed]." *Id.* (internal quotation marks omitted) (emphasis in original).

Aetna filed this unopposed appeal. We granted its motion to stay the District Court's order pending our review.

## II.    Standard of Review

We review the District Court's denial of a motion to seal for abuse of discretion, but our review of the legal principles applied is plenary (that is, without deference). *United States v. Wecht*, 484 F.3d 194, 208 (3d Cir. 2007); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). We also review the Court's decision whether to hold a hearing for abuse of discretion. *In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 209 (3d Cir. 2003).

## III.    Discussion[1]

A document filed with a district court becomes a "judicial record." *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 434 (3d Cir. 2016) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)). And it is well established in our Circuit that the public has a "strong common law presumption of access" to judicial records. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). This right promotes "confidence in the judicial system by enhancing testimonial trustworthiness and the quality

---

[1] The District Court had jurisdiction over the preliminary injunction action under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291 because orders either granting or denying access to trial records are appealable as final orders. *United States v. Antar*, 38 F.3d 1348, 1355–56 (3d Cir. 1994); *see also In re Newark Morning Ledger Co.*, 260 F.3d 217, 220 (3d Cir. 2001).

6

of justice dispensed by the court." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks omitted). It also gives the public "a more complete understanding of the judicial system and a better perception of its fairness." *Id.* (internal quotation marks omitted). Though a party may overcome this strong presumption by showing the right is outweighed by "compelling, countervailing interests," the "common law right of access begins with a thumb on the scale in favor of openness." *Id.* at 672, 676. The party moving to seal the documents must name a specific injury to be prevented—"[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (internal quotation marks omitted).

The District Court held Aetna fell short of that burden. The latter's motion failed to articulate a "specific risk of current harm" or "sufficiently explain[]" how public disclosure of its documents would "cause the competitive harm [it] claim[ed]." Appx. at 2 n.2. Importantly, the Court was silent on whether Aetna's competitive interests might outweigh the public right of access. It simply thought Aetna had not explained with the required specificity the connection between the alleged sensitive content in the documents and the potential current harm.

To be sure, Aetna's motion and accompanying declaration lacked some precision. The presumption of public access to judicial records is strong, and conclusory briefs and declarations seeking to seal documents miss the mark. *In re Avandia*, 924 F.3d at 673. Aetna's more developed brief on appeal better reflects the attention to detail necessary to argue against the common law right of access in normal circumstances.

7

But these were not normal circumstances. Instead, Aetna—a non-party—was forced to file a rushed motion after several unexplained foot faults by the parties. First, the parties apparently violated the protective order by failing to notify Aetna that they had submitted its documents as exhibits for the preliminary-injunction motion. Then the letters asking the Court to admit the documents, for unknown reasons, did not appear on the public docket for nearly two months. The Court admitted the exhibits a day later, before Aetna could respond. Faced with the prospect that its sensitive business information could become publicly available at any moment, Aetna, understandably, hurried to file a motion to seal. It recognized in that motion an incomplete understanding of which documents were submitted and how its information was used. *See* Appx. at 143 n.4 ("Because Aetna is not presently aware of which documents were submitted, it is unable to fully brief the Court except for the documents identified in Aetna's September 8, 2020 motion."). It thus asked for the opportunity to supplement its evidence and arguments in a hearing if the District Court needed further explanation.

The Court did indeed believe Aetna needed to provide more explanation. Yet it declined to hold a hearing and, to repeat, denied the motion for "not sufficiently explain[ing] how public dissemination of the pertinent materials *now* would cause the competitive harm [Aetna] claim[ed]." *Id.* at 2 n.2 (internal quotation marks omitted) (emphasis in original). Though ordinarily no hearing need occur when considering a motion to seal, a party must be given a full opportunity to present its argument. *Cf. Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("The refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion *if the parties have a full*

8

*opportunity* to submit written testimony and to argue the matter." (emphasis added)).  And "[i]n some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case."  *In re Eckstein Marine Serv. LLC*, 672 F.3d 310, 319 (5th Cir. 2012), *overruled on other grounds by In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787 (5th Cir. 2021).  This is such a case.

Given the unusual circumstances surrounding the filing of Aetna's documents, it was due a full opportunity to argue its motion.  Here the Court denied Aetna's motion not because it lacked compelling grounds for sealing the records, but because those reasons were insufficiently explained and supported by evidence.  Aetna deserves the opportunity to make that explanation and present evidence at a hearing.

We therefore vacate and remand.  On remand, Aetna must still show how its "compelling, countervailing interests" outweigh the presumption of public access, using "specific examples" and "articulated reasoning."  *In re Avandia*, 924 F.3d at 672–73, 676 (internal quotation marks omitted).

*Federal Trade Commission and Commonwealth of Pennsylvania v. Thomas Jefferson University and Albert Einstein Healthcare Network*

No. 21-1817

_____

**RENDELL**, <u>Circuit Judge</u>, *concurring in the judgment*

I agree with the majority that we should remand this case to the District Court, but for a different reason. Although a hearing would have been helpful in allowing Aetna to fully present its arguments for sealing, I cannot conclude that the District Court's failure to hold such a hearing was an abuse of discretion. Aetna may well have been in a hurry to file, but there was no hint that taking further evidence was necessary to evaluate the Motion, which ran to some eleven pages and included a supporting Declaration from an Aetna Vice President, as well as an explanatory chart. The real problem with the District Court's Order lies in its lack of explicit analysis, which frustrates appellate review, and thus compels remand. *See, e.g.*, *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993)) ("[A] district court abuses its discretion in sealing or unsealing documents . . . when it fails to provide sufficient reasons for its decision to enable appellate review."); *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1410 (D.C. Cir. 1996) ("Without a full explanation, we are unable to review the district court's exercise of its discretion. We therefore remand this case to the district court so that the court can further explain its decision to seal certain portions of the record.").

1

When presented with a motion to seal, a district court must conduct a "document-by-document review" of the relevant exhibits, explicitly weighing the relevant factors and explicating the basis for its decision. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)). Salient considerations include, *inter alia*, a demonstrable risk of current harm, *Leucadia, Inc.*, 998 F.2d at 167, the movant's status as a nonparty, *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991), and the adjudicatory significance of the exhibits, *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013).

Here, the District Court did not adequately elucidate its reasoning in denying Aetna's Motion. The Court stated that "Aetna and United have not sufficiently explained 'how public dissemination of the pertinent materials *now* would cause the competitive harm they claim.'" Appx. 2 (quoting *Leucadia, Inc.*, 998 F.2d at 167 (emphasis in the original)). This is puzzling because Aetna's Motion and Declaration explained that, *inter alia*, the reimbursement rate and bidding information disclosed in VP Morris's 2020 Deposition Transcript would, if publicized, disadvantage Aetna vis-à-vis providers in future negotiations. Moreover, the District Court did not provide the requisite 'document-by-document' review; it relied on a blanket conclusory statement without describing how Aetna had failed in its burden *as to each exhibit* under consideration. Nor did the District Court state how it weighed other important factors that would impact its ruling, such as Aetna's nonparty status and the exhibits' lack of significance in the litigation. These factors would ordinarily counsel in favor of sealing.

2

On remand, the Court can provide a fuller explanation for why all, some, or none of Aetna's exhibits merit sealing, after a careful and explicit consideration of the relevant factors.