# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 25, 2023          Decided January 9, 2024

No. 22-7148

HDEEL ABDELHADY,
APPELLANT

v.

GEORGE WASHINGTON UNIVERSITY, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-01334)

*Hdeel Abdelhady*, pro se, argued the cause and filed the briefs for appellant.

*Gerard J. Emig* argued the cause and filed the brief for appellees.

Before: SRINIVASAN, *Chief Judge*, MILLETT and WILKINS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

WILKINS, *Circuit Judge*:    Hdeel Abdelhady sued George Washington University (the "University") after she was injured

on the school's property. In the University's motions to dismiss and for partial summary judgment, it included several exhibits that, Ms. Abdelhady argued in a motion to seal, referenced private medical treatments and diagnoses. The District Court denied Ms. Abdelhady's motion to seal in part. Ms. Abdelhady appeals that decision. For the reasons explained below, we vacate and remand.

**I.**

We begin with our jurisdiction to hear this appeal. Section 1291 of the Judicial Code confers on federal courts of appeals jurisdiction to review "final decisions of the district courts." 28 U.S.C. § 1291. Ordinarily, "final decisions" are those that "trigger the entry of judgment." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009). But Section 1291 also permits review of a small category of orders that are "collateral to" the "merits of the case" and "too important" to be denied immediate review. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

We should exercise great care prior to asserting jurisdiction under the collateral order doctrine. The doctrine must "never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (citation omitted); *see also Mohawk*, 558 U.S. at 106. This limited application prevents appellate courts from greenlighting "piecemeal, prejudgment appeals," and thereby undermining "efficient judicial administration" and "encroach[ing] upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Mohawk*, 558 U.S. at 106 (internal quotation marks omitted).

Thus, the "small category" of collateral orders that are reviewable under Section 1291 "includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995) (citing *Cohen*, 337 U.S. at 546). Here, the order from which Ms. Abdelhady appeals was conclusive on the question of sealing and resolved an important question separate from the merits.

Therefore, we are left with one question: Is an appeal of an order denying a motion to seal documents referencing medical treatments and diagnoses "effectively unreviewable on appeal from the final judgment in the underlying action"? *Id.* at 42. As *Mohawk* emphasizes, this question does not entail an "individualized jurisdictional inquiry" that turns on averting a "particular injustice." 558 U.S. at 107 (cleaned up). So if there is a way to "adequately vindicate[]" this class of claims "by other means," then Section 1291 "does not provide a basis for jurisdiction." *Id.* Our "decisive consideration" is whether this entire category of claims, "taken as a whole," requires immediate review to avoid imperiling "a substantial public interest or some particular value of a high order." *Id.* (internal quotation marks omitted).

Undoubtedly, individuals generally have a strong interest in keeping their medical treatments and diagnoses private. *See Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980–81 (D.C. Cir. 2016); *see also United States v. Kravetz*, 706 F.3d 47, 63 (1st Cir. 2013). The need for medical privacy is similarly recognized by federal and District of Columbia law. *See, e.g.*, 42 U.S.C. § 1320d-2(d)(2); 45 C.F.R. § 164.502; D.C. Code § 14-307. Indeed, the University agrees that individuals possess a strong interest in keeping their medical diagnoses and treatments private. Oral Arg. Rec. 53:30–54:35.

Given the strength of this interest, we conclude that maintaining one's privacy in medical treatments and diagnoses is a value of "high order" that warrants immediate appellate review. *Mohawk*, 558 U.S. at 107 (internal quotation marks omitted). Delayed review risks widespread and irreversible dissemination of private medical information that cannot be remedied on appeal. *Cf. Al Odah v. United States*, 559 F.3d 539, 544 (D.C. Cir. 2009) (explaining that "appellate review is futile" once information is disclosed because "the cat is out of the bag") (cleaned up); *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1209–10 (D.C. Cir. 2004) (same).

That said, this is a limited holding. We are not deciding whether the collateral order doctrine categorically applies to any order denying a motion to seal. While we recognize that there is a circuit split on this issue, we have no occasion to weigh in until resolution of the issue is necessary to our decision and the issue is fully and adequately briefed. *Compare Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 447–50 (5th Cir. 2019) (holding that sealing and unsealing orders are immediately appealable), *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 592–93 (6th Cir. 2016) (same), *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1360–61 (11th Cir. 2021) (similar), *and Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013) (similar), *with United States v. Guerrero*, 693 F.3d 990, 995–99 (9th Cir. 2012) (holding that the collateral order doctrine does not extend to an order denying a motion to seal pretrial competency proceedings). All we are deciding is that, in these circumstances, the denial of the motion to seal records containing medical information is immediately appealable.

**II.**

This brings us to the merits: whether the District Court erred in denying Ms. Abdelhady's motion to seal documents referencing her medical diagnoses and treatments. We review that denial for abuse of discretion, guided by a "strong presumption in favor of public access to judicial proceedings." *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (internal quotation marks omitted).

But as with any presumption, the preference for public access is not ironclad. In *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980), we identified six factors to guide the inquiry into whether the presumption is overcome: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to the disclosure, and their identity; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. We have "repeatedly held that those are the factors a court should weigh in ruling on a motion to seal or unseal a judicial record." *In re Leopold*, 964 F.3d 1121, 1131 n.9 (D.C. Cir. 2020). Although a district court has "wide" discretion when balancing the *Hubbard* factors, "the district court must provide a 'full explanation' for its decision, detailed enough to permit 'review of the district court's exercise of its discretion.'" *In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022) (brackets omitted) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1410).

Here, the District Court granted the motion to seal in part, but only as to an exhibit that identified Ms. Abdelhady's treating physicians. As to the remaining documents she sought to seal, the District Court denied the motion on the grounds that

they "contain no medical records or details that [Ms. Abdelhady] herself does not already mention in her redacted Amended Complaint." JA 13. But on our inspection of the record, it appears that some of the documents that Ms. Abdelhady seeks to seal do, in fact, reference medical treatments and diagnoses that were redacted in her amended complaint. Thus, as part of its "scarce explanation for its denial" of Ms. Abdelhady's motion to seal, *Hardaway*, 843 F.3d at 980, the court relied on the incorrect assumption that Ms. Abdelhady had already disclosed in her redacted complaint all of the same information she sought to have sealed.

Furthermore, on this record, we cannot determine whether the District Court considered the need, if any, for public access to the documents that Ms. Abdelhady sought to seal, and whether the District Court adequately weighed both Ms. Abdelhady's interest in medical privacy and the extent of previous public access to each of the records at issue. These factors (which Ms. Abdelhady raised, *see* JA 15) are relevant to her motion to seal. Although a district court need not provide a detailed exposition about every *Hubbard* factor in response to every sealing request, it must say enough to allow us to "infe[r] from the record with reasonable certainty," *Conafay v. Wyeth Lab'ys*, 793 F.2d 350, 354 (D.C. Cir. 1986) (quoting *In re Pope*, 580 F.2d 620, 623 (D.C. Cir. 1978)), that it considered all such factors upon our review for abuse of discretion.

Because the District Court misconstrued the record and appears not to have weighed all of the *Hubbard* factors, it abused its discretion. *See Hardaway*, 843 F.3d at 980 ("failing to weigh the six relevant [*Hubbard*] factors and mischaracterizing the record" is an abuse of discretion); *Nat'l Children's Ctr.*, 98 F.3d at 1410 (remanding where we were "unable to discern . . . whether the district court considered and applied the *Hubbard* factors in exercising its discretion"); *see*

*also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("a clearly erroneous assessment of the evidence" is an abuse of discretion). We therefore remand this case so that the District Court can consider all of the *Hubbard* factors and further explain its decision.

Even so, we emphasize that our remand is not meant to imply that Ms. Abdelhady's broad and generalized motion to seal should have been granted in its entirety. Indeed, whether Ms. Abdelhady solely wants to redact references to protected health information or instead seeks to entirely seal the documents that reference this sensitive information is unclear. *See* Fed. R. Civ. P. 5.2(d) (giving the court the option to order sealing of the entire document or the filing of a redacted version on the public docket). Ms. Abdelhady's motion also suggests that some documents should be sealed simply because they stem from a sealed administrative proceeding that discussed her injuries—not because these documents reference sensitive medical treatments and diagnoses. Though the District Court may have reasonably found one or more of these arguments unpersuasive, without a more fulsome explanation of its assessment of those grounds, "we are unable to review [its] exercise of its discretion." *Nat'l Children's Ctr.*, 98 F.3d at 1410. We are left no choice but to remand.

*So ordered.*