# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-7090

September Term, 2025

FILED ON: OCTOBER 28, 2025

HDEEL ABDELHADY,
> APPELLANT

v.

GEORGE WASHINGTON UNIVERSITY, ET AL.,
> APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-01334)

Before: HENDERSON and RAO, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

## **J U D G M E N T**

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs and oral arguments of the parties.[1] The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's order be **AFFIRMED**, subject to a limited remand to correct ECF numbers in the order.

## I.

Appellant Hdeel Abdelhady, a law professor, sued her employer, George Washington University ("GWU"); GWU's insurance administrator, PMA Management Corporation; and GWU's facilities service contractors, Aramark Services, Inc. and Aramark Management Services, LP, for injuries suffered when she fell in a staircase on GWU's campus. Upon consideration of appellant's challenge to the district court's order on sealing certain motions to dismiss and for partial summary judgment and attached exhibits, the court vacated and remanded the case for the district court to provide "a more fulsome explanation of its assessment" of appellant's claims that

---

1 Defendants Aramark Services, Inc. and Aramark Management Services, LP did not submit a brief.

these documents contained sensitive health information under the factors set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). *Abdelhady v. George Washington Univ.*, 89 F.4th 955, 959 (D.C. Cir. 2024). On remand, the district court granted appellant's motion to seal in part and ordered redaction of personal medical information in exhibits attached to GWU's filings, and denied her motion to seal other documents. *Abdelhady v. George Washington Univ.*, No. 1:22-cv-1334 (TNM), 2024 WL 2888768, at *1 (D.D.C. May 7, 2024) ("Remand Order").

## II.

Appellant challenges the Remand Order. She contends as to the documents containing medical information that "the district court made contradictory rulings based on mischaracterizations of the record[.]" Appellant's Br. at 37. She contends with respect to documents pertaining to certain workers' compensation proceedings, that the district court's application of the *Hubbard* factors was "flawed[.]" *Id*. at 41–49. The court reviews the district court's "decision to seal (or not to seal) court records for abuse of discretion," *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996), and finds none.

First, the district court reasonably explained, in applying the *Hubbard* factors, its decision to redact certain exhibits containing sensitive personal medical information in exhibits attached to GWU's motions and to unseal the motions themselves. *See* Remand Order at *2–3. Because appellant points out, however, that when the district court ordered the unsealing of two GWU filings, it misidentified the docket numbers, Remand Order at *3 (identifying GWU filings at ECF Nos. 17-1, 32-1, 33-1, whereas two filings are properly found at ECF Nos. 32 and 33) — resulting in the unsealing of exhibit ECF No. 32-1 that the court ordered redacted for medical information — a limited remand will allow the district court to correct the ECF numbers in its order. Such plainly unintended error does not rise to an abuse of discretion.

Second, as to workers' compensation proceedings, contrary to appellant's position, Appellant's Br. at 41–44, the district court properly treated the documents GWU filed in support of its motions as judicial records. *See Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 117 (D.C. Cir. 2021). GWU submitted the documents to "refute" appellant's claim that GWU "acted to deprive Abdelhady of her workers' compensation insurance[,]" Remand Order at *2, and they are judicial records because "the goal in filing" them was "to influence a judge's decisionmaking," *Cable News Network*, 984 F.3d at 118. Appellant's view that the district court abused its discretion in unsealing certain exhibits bearing on the workers' compensation proceedings lacks persuasive force, with the district court observing that "the interest in disclosure is especially strong for documents relevant to the central claims of the litigation." Remand Order at *3 (citation omitted). Appellant has failed to rebut the "strong presumption in favor of public access[,]" *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citation omitted).

Likewise, appellant's view, Appellant's Br. at 40, that the district court exceeded the mandate on remand lacks merit. This court directed the district court to evaluate her claim "that some documents should be sealed simply because they stem from a sealed administrative proceeding[.]" *Abdelhady*, 89 F.4th at 959.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

                                      **FOR THE COURT:**
                                        Clifton B. Cislak, Clerk

BY:    /s/
           Daniel J. Reidy
           Deputy Clerk